BATCHELDER *v.* COUNCIL GROVE WATER CO.

(*Superior Court of New York City, General Term.*  May 4, 1891.)

BONDS OF CORPORATION—FORECLOSURE OF MORTGAGE—RIGHTS OF BONDHOLDER.

> Where the scheme of payment of bonds of a corporation secured by mortgage showed that it was intended that holders of the bonds should look to the mortgaged premises for their security in the event of default in the payment of the bonds, the question of foreclosure and sale being left to a majority of the bondholders, they to share ratably in the proceeds, upon default in the payment of the interest upon such bonds the principal did not become due absolutely, but only as provided by the mortgage, and a holder of such bonds was not entitled to recover the principal thereof upon such default.

Appeal from special term.

Action by Benjamin F. Batchelder against the Council Grove Water Company.   Plaintiff appeals from so much of a judgment entered upon the decision and by the direction of the special term as by its terms "adjudged that plaintiff is not entitled to recover of the defendant the principal of the bonds mentioned and described in the complaint in this action," and also from that part of such judgment which by its terms "limited the recovery in the action to the interest upon said bonds represented by the interest warrants mentioned in the complaint," and also from such parts of said judgment as awarded costs and an extra allowance to the defendant for the failure of the plaintiff to recover a more favorable judgment than the defendant had offered to allow to be taken.    The plaintiff also appealed from the order granting the extra allowance, and from an order refusing a rehearing upon the order granting the allowance.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

*Thomas J. McKee,* (*Samuel J. Crooks,* of counsel,) for appellant.   *Isaac L. Miller,* for respondent.

FREEDMAN, J.   On the argument of the appeal it was conceded by the learned counsel for the appellant that if the judgment is right the order for the extra allowance is unassailable, which involves that in such a case the order refusing a rehearing upon the question of an allowance is also correct. I have examined, therefore, only the question whether the judgment is right. The facts of the case are somewhat different from the facts as they appeared in *Mallory* v. *Railroad Co.,* 35 N. Y. Super. Ct. 174, but the difference is so unimportant as not to work a different result.    On a full and careful examination of all the instruments simultaneously executed in this case, viz., the bonds, the coupons, and the trust-deed or mortgage, for the purpose of discovering the true intent and meaning of the contract thereby made, the conclusion is unavoidable that, upon default in the payment of the interest and the continuance of such default for a certain period named, the principal sum of each bond was to become due, not absolutely, but in the manner and with the effect provided in the trust-deed or mortgage.    The scheme of payment provided by the trust-deed or mortgage shows that it was intended that the holders of the bonds should look to the mortgaged premises for their security in the event of default in the payment of the bonds; that the question of foreclosure and sale should be remitted to the discretion of a majority of the bondholders, and that the bondholders should share ratably in the proceeds.    The judgment and orders should be affirmed, with costs.   All concur.